# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 03-260 (RHK/AJB) |
|  | Civil No. 05-332 (RHK) |
| Plaintiff, | |
| v. | |
| Michael Vo, | **ORDER** |
| Defendant. | |

Following Petitioner's plea of guilty to charge of possessing with intent to distribute methamphetamine, he was sentenced to a prison term of 120 months. There was no appeal.

In his § 2255 Petition, he claims that (1) he received ineffective assistance of counsel at his sentencing, and (2) his sentence should be vacated pursuant to Booker. In short, he argues that his counsel should have done a better job of trying to show that he never possessed a firearm in connection with his drug deal. This was significant because the Court's determination that he did possess a firearm resulted in an enhanced sentence and foreclosed the application of a "safety valve" reduction.

In support of his contention that counsel inadequately dealt with the firearm issue, Petitioner states:

> Attorney Grigsby failed to seize upon facts which demonstrated that Vo was not enabled an enhancement under Guideline § 2D1.1(b)(1). Inter alia, the gun(s) at issue were not purchased through the exchange of drugs; intended for family protection due residence being located in a crime ridden neighborhood; not used to protect Vo's drug business; Vo had disengaged

from the drug business (because he was an expectant father) approximately three months prior to arrest; and therefore was not in possession of any drugs when the guns were discovered in his brother's room.

A review of the sentencing transcript, however, presents a different picture. Counsel did address the issues outlined above, both in his cross-examination of the Government witness, his direct examination of Petitioner, and in his argument to the Court following the evidentiary hearing. The Court determined, based upon the evidence before it, that Petitioner possessed firearms on at least two occasions, and with respect to each, the possession was in connection with his drug dealing. A review of the sentencing transcript as part of the proceeding now before the Court reaffirms that determination. Counsel's representation of Petitioner was thorough and professional. Petitioner has failed to show that the performance was "deficient" as required by Strickland v. Washington, 466 U.S. 668, 687 (1984).

Defendant's Booker claim is foreclosed by the Eighth Circuit's recent decision in Never Misses a Shot v. United States, ____ F.3d ___, 2005 WL 1569403 (8th Cir. 2005), which held that Booker is not retroactively applicable on collateral review.

For the foregoing reasons, and upon all the files, records and proceedings herein, **IT IS ORDERED** that the Motion to Vacate (CR-03-260, Doc. No. 85; CV-05-332, Doc. No. 1) is **DENIED**.

Dated: July 27, 2005

    s/Richard H. Kyle
    RICHARD H. KYLE
    United States District Judge